UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUPITER | CIVIL ACTION |
| VERSUS | NO: 12-895 |
| LOWE'S HOME CENTERS, INC., ET AL. | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court is Plaintiff Cheramie Jupiter's **Motion to Remand (Rec. Doc. 6)** and Defendant Lowe's Home Centers, Inc. ("Lowe's") opposition to same **(Rec. Doc. 8)**. The Plaintiff's motion, set for hearing on July 18, 2012, is before the Court on the briefs without oral argument.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This is a personal injury action arising from an alleged trip and fall accident which occurred in a Lowe's retail facility in Houma, Louisiana. Plaintiff filed suit in the 32nd Judicial District Court for the Parish of Terrebonne on October 21, 2011, naming as defendants Lowe's Home Centers, Inc., unknown employee(s), and ABC Insurance Company, the hypothetical

1

insurer of Lowe's. The petition for damages was served on Lowe's on October 27, 2011. Lowe's answered the plaintiff's petition on November 18, 2011. Concurrent with its answer, Lowe's issued written discovery requests to the plaintiff. Lowe's received the plaintiff's responses to the discovery requests on March 16, 2012. Upon receiving plaintiff's responses, Lowe's apparently determined that the matter was removable. On April 5, 2012, Lowe's filed a Notice of Removal with this Court based on diversity jurisdiction.

## PARTIES' ARGUMENTS

Plaintiff challenges removal on timeliness grounds. Plaintiff asserts that her initial petition for damages was removable on its face and, therefore, by failing to file a notice of removal within thirty days of being served with the petition, Lowe's waived its right to remove the case. In response, Lowe's argues that plaintiff's petition was not removable on its face, but rather, contained "vanilla" allegations of damages which required Lowe's to conduct additional discovery to determine whether the case was removable. Lowe's contends that it was only upon receiving plaintiff's response to its discovery requests on March 16, 2012, that it was put on notice that the case was

removable.[1] Therefore, Lowe's asserts that the clock for its thirty-day period to file notice of removal began to run on March 16, 2012, making its April 4, 2012 filing timely. The parties are diverse and neither party contests that the minimum jurisdictional amount is met.

## DISCUSSION

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). Because federalism concerns are inherent in the removal of a case from the state court system, the removal statute is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

The timeliness of removal is governed by 28 U.S.C. § 1446 (b). This statute creates a thirty-day time limit for removal

---

[1] Plaintiff's discovery responses stated that she "claimed special damages of $59,192.74, consisting of more than $45,033.10 in medical bills and over $14,000.00 in past lost wages, which allegedly continue to accrue at the rate of $278.46 per day." (Rec. Doc. 8, p. 2)

3

which begins either (1) when the defendant receives the initial complaint, or (2) in the event that the initial complaint is not removable, when the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446 (b)(1),(3). The time limit in the first instance is triggered "only when [the initial complaint] affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). When it is unclear from the initial complaint whether the minimum jurisdictional amount is met, then the time limit in the second instance is triggered when other pleadings, motions or papers make it "unequivocally clear or certain" that the suit is removable. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). In removal cases, the moving party must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

Plaintiff's petition for damages does not specifically allege that her damages are in excess of the minimum federal jurisdictional amount. Rather, plaintiff alleges generally that

she "sustain[ed] severe injuries to her knees which require surgery."(Rec. Doc. 1-1, p. 2) She also petitions for damages for loss of enjoyment of life; physical disability, pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses. (Rec. Doc. 1-1, p. 3) Plaintiff does not provide any further description of the nature of the injury to her knees, medical needs, or any economic loss resulting from her injuries.

While plaintiff argues that the description included in her petition is sufficient to put the defendant on notice of the minimum jurisdictional amount,[2] as Lowe's points out, this Court has found that such "vanilla" language is insufficient and may require defendants to conduct additional discovery before filing a notice of removal. See Jacob v. Greyhound, No. 02-2199, 2002 WL

---

[2] In making her argument, Plaintiff's brief references the fact that Lowe's post-discovery notice of removal states that "awards for arthroscopic surgery can easily approach the jurisdictional amount." (Rec. Doc. 6-1, p. 5) Plaintiff then continues by citing to case law in which similar injuries produced awards above the jurisdictional amount. The Court notes that the type of surgery needed was not listed in the initial petition for damages. It also notes that the Fifth Circuit has held that the defendant is not required to perform additional research or "due diligence" to determine if the jurisdictional amount is met. Chapman, 969 F.2d at 163 (noting that as a matter of judicial economy, the court will not inquire into what defendants may or may not subjectively know about damages but, instead, will look at the complaint on its face).

31375612, *1 (E.D. La. Oct. 21, 2002). For example, in <u>Seaman v. Tetra Applied Technologies, Inc.</u>, No. 99-3811, 2000 WL 222851 (E.D. La. Feb. 18, 2000), the plaintiff alleged that he "sustained serious injuries" and damages, including "past and future mental and physical pain and suffering, lost wages, loss of future earning capacity, medical expenses and related expenses." <u>Id.</u> at *2. This Court found that these allegations were "fairly vanilla" and did not make the jurisdictional amount facially apparent in the complaint. <u>Id.</u> Therefore, it determined that the defendant was correct in waiting to remove the case until receiving additional evidence. <u>Id.</u> Likewise, in <u>Alonzo v. Shoney's Inc.</u>, No. 00-3109, 2001 WL 15641 (E.D. La. Jan. 5, 2001), this Court found that descriptions in the initial complaint such as "severe and permanent" were too general to trigger the thirty-day period for removal. <u>Id.</u> at *1. In that case, plaintiff's suit only became removable when "other paper" put the defendant on notice. <u>Id.</u>

In the instant case, the damages alleged in the plaintiff's petition are nearly identical to the damages this Court found to be insufficient for removal purposes in both <u>Seaman</u> and <u>Alonzo</u>. As such, the Court finds that plaintiff's initial complaint failed to affirmatively reveal on its face that the minimum

jurisdictional amount was met. Therefore, the thirty-day time period for removal did not begin upon service of the petition, but rather, upon Lowe's receipt of the plaintiff's discovery responses on March 16, 2012. Because Lowe's filed its notice of removal within thirty days of that date, the Court finds that defendant's removal was timely.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana this 13th day of July, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE